Otto S. Hennik and Estelle Hennik v. Commissioner.
Hennik v. Commissioner
Docket No. 64770.
United States Tax Court
T.C. Memo 1957-11; 1957 Tax Ct. Memo LEXIS 241; 16 T.C.M. (CCH) 60; T.C.M. (RIA) 57011; January 24, 1957
*241 Thomas E. Tyre, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $252.44 in the income tax of the petitioners for 1954. The petitioners sustained a loss of $841.15 from the sale of a piece of property for 1954, and the only issue for decision is whether they acquired the property in a transaction entered into for profit so that their loss is deductible as a capital loss. The case comes before the Court on the Commissioner's motion for judgment in which he alleges that the petition does not state a cause of action. He has not filed an answer. The petitioners filed a brief in opposition to the motion. [Findings of Fact] The petitioners are husband and wife. They resided in Rochester, New York, during the taxable year and filed a return for that year with the director of internal revenue for the district of Buffalo. Otto purchased a property in the town of Greece, New York, in 1951. It was improved with a newly built house. He then entered into an oral agreement with his daughter whereby she agreed to buy the property from him at his cost. The daughter thereafter occupied the house and made some *242 monthly payments, but in March 1954 she asked her father to cancel the contract of purchase and refund the money she had paid on account of the purchase price. The father agreed to this, took over control of the property, listed it for sale with a licensed real estate broker and sold it about four months later at a loss of $841.15. The petitioners claimed a deduction of that amount as a capital loss on their return for 1954 and the Commissioner, in determining the deficiency, disallowed that loss. The petitioners never occupied the house in question but at all times resided elsewhere. [Opinion] The determination of the Commissioner is presumed to be correct, and the facts alleged in the petition, even if proven, are not sufficient to overcome that presumption. They would not show that Otto had entered into the purchase of the house or the sale to his daughter at cost, with the intention of making a profit from the transaction. . A natural inference might be that his purpose was to aid his daughter rather than to make any profit for himself. His listing the property for sale to a licensed real estate broker after his daughter had returned *243 it to him and had been reimbursed for her payments did not effect a conversion of the transaction to one entered into for profit. Cf. ; ; , aff'g B.T.A. Memo, cert. denied ; , aff'g B.T.A. Memo, cert. denied ; , aff'g B.T.A. Memo; , aff'g TCM 1060]. The motion is meritorious. The facts pleaded are insufficient, if proven, to show error in the determination of the Commissioner. Decision will be entered for the respondent.